## BODEN v. DEMWOLF et al.

### (District Court, E. D. Louisiana. June 16, 1893.)

#### No. 13,004.

1. ADMIRALTY PLEADING—LIBEL—AMENDMENT.

A libel having been filed against a ship and a person named as owner, a third person appeared, and claimed as owner, setting up in his answer that he was the true owner. A release bond was given, signed by the master, as lawful bailee of such third person, and by sureties. *Held*, that the sureties would not be affected by the allowance of an amendment making the third person a party respondent to the libel, and such amendment may be made.

2. SHIPPING—NEGLIGENCE—INJURY TO STEVEDORE'S EMPLOYE.

A stevedore's employe, who, after the work of loading is either finished or suspended, goes into the hold to get his coat, is lawfully there, and the shipowner is under obligation to avoid injuring him by want of reasonable care.

3. SAME—FELLOW SERVANTS.

Where a stevedore's employe is killed by the fall of a block and tackle because but one man is managing the same, the wrong cannot be laid to the negligence of a fellow servant, but is chargeable to the general management of the ship, for which the owners are responsible.

4. DEATH BY WRONGFUL ACT—MEASURE OF DAMAGES.

Under a libel to recover for the wrongful death of a stevedore's employe. it appeared that deceased was about 50 years old, had a wife and four children, and received 50 cents an hour when he worked, but there was nothing further to show the amount of his earnings. *Held*, that $1,500 should be awarded to the next of kin.

In Admiralty. Libel to recover damages for alleged negligence causing death. Decree for libelant.

McGloin & Louque, for libelant.

Farrar, Jonas & Kruttschnitt, for claimant.

BILLINGS, District Judge. This is a suit brought by Bertha Boden, as widow of Joseph Brown, and as mother and natural tutrix of his minor children, against Capt. C. Demwolf, master of the German steamship Kerwieder, and against Hausa, Dempfschiff & Rhederic, owners of said steamship, for damages occasioned by the death of the husband and father, Joseph Brown. The process in this case was that authorized by rule No. 2 in admiralty, and, in default of the defendants being found, the steamship itself was attached.

The first question to be considered is as to the propriety of allowing an amendment which comes up in this way. Upon the seizure of the steamship Kerwieder, the Hamburg-American Packet Company appeared as claimants, and bonded the steamship. The application is to amend the libel by substituting as defendant the name of this corporation in place of the persons named as owners in the libel. There would be difficulty in allowing this, but for the peculiar character of the answer, and of the bond of release of the steamship. The answer in the case is that of this corporation, Hamburg-American Packet Company, which proceeds to state that

it, and not the parties named as owners, are the true owners of the steamship Kerwieder, and then further proceeds to answer the libel upon the merits. But, as matter of form, there would be no need of any amendment, because, if A. is sued as owner causing damage, and B. sees fit to come into the case, and submit himself to the jurisdiction of the court, stating that he, and not A., is the owner, and submits the cause upon the merits, the amendment would follow, as of course, provided the libelant was willing to admit that the fact of ownership was truly stated in B.'s answer. But it is urged that the fact of a release bond of the sureties changes the question. The release bond, I have examined. It is a bond given by C. Demwolf, as master of the steamship Kerwieder, and lawful bailee of the Hamburg-American Packet Company, and signed by him as principal, as such master. In the reciting part of the bond there is the following recital:

"Whereas, a writ of attachment was lately issued out of the honorable the district court of the United States of America for the eastern district of Louisiana, at the suit of widow and heirs of Joseph Brown v. Captain and Owners of Steamship Kerwieder, her tackle, apparel, and furniture, etc., commanding the marshal to seize and take into his possession the steamship Kerwieder, which has been seized accordingly, but has been released from said seizure, and delivered to Christian Demwolf, the master and lawful bailee of the owners thereof, by reason of the signing, sealing, and delivering of these presents, said claimant having obtained leave of court to bond said property, and filed a claim thereto, which is now of record in the clerk's office of this court."

Then follows the condition:

"If said claimant and surety abide by all the orders, interlocutory or final, of the court, and pay the said libelants the amount awarded by the final decree rendered in the court to which the process is returnable, or in any appellate court, then the foregoing obligation is to be void, but otherwise shall remain in full force and virtue."

It seems to me a conclusive answer to the objection of the respondents that the sureties would be affected by the amendment, leave to make which is asked, is that, unless such an amendment is made, no judgment could be given on the bond and stipulation. In other words, the whole proceeding on the part of the claimants and respondents, and of the sureties upon the bond, are upon the basis that just such an amendment had been or would be made, as is asked. This conclusion would be inevitable unless the libelant had chosen to take issue upon the averment that the Hamburg-American Packet Company was the owner of the steamship Kerweider. This he admits, and asks leave to make the amendment. Such an amendment makes the whole proceedings harmonious. I have treated the application for leave to file the amendment as having been made upon notice, and have received the briefs of the respective parties upon it. Leave to make the proposed amendment is granted. Newell v. Norton, 3 Wall. 266. The court say:

"It has been objected here that the allowance of the amendment was injurious to the sureties in the bond given for the property. But this objection is without foundation, as their liability was neither increased nor diminished. Every person bailing such property is considered as holding it subject to all legal dispositions of the court."

The question upon the merits is a simple one. Joseph Brown was an employe of the stevedore who had been engaged in loading the steamship. The work was either suspended, or altogether completed,—there seems to be some question about which was the fact,—when he went back into the hold for his coat. It is not necessary to consider whether it was a fact established by the evidence that the work was altogether through, or was merely suspended. In either case the libelant was rightfully where he was at the time of the accident; his object being to get his coat, which had been left in the hold. It might, perhaps, be urged successfully, also, that he had special relations to the vessel, by virtue of his having been an employe of the stevedore, but it is not necessary to consider that. It is enough that he had business with the vessel which made his presence proper. Leathers v. Blessing, 105 U. S. 626. Under those circumstances, if there were no special facts creating any obligation, the owners of the vessel were bound to avoid injuring him by want of reasonable diligence.

As to the negligence: The negligence charged is that there was but one man to manage a block and tackle, whereas there should have been more, which block and tackle fell upon Joseph Brown, and caused his death. I think the evidence shows there was but one man managing the block and tackle at the time of the accident, and that one man was not sufficient. It is urged that this is a fault of a fellow workman or employe. I think it clearly falls within the faults resulting from the management of the vessel itself.

It was urged strenuously that the jurisdiction in admiralty to enforce the right of recovery claimed in this action is not maintainable. The last utterance of the supreme court, bearing on this question, is in The Corsair, 145 U. S. 335, 12 Sup. Ct. Rep. 949, which, I think, looks strongly to maintaining the jurisdiction.

As to the amount of damages: The husband and father was about 50 years old, and had a wife and four children. His wages were 50 cents an hour, when he worked. The testimony as to the facts showing the value of his life goes but a little way beyond this general outline. In the case of Cheatham v. Red River Line, 56 Fed. Rep. 248, I stated the general grounds upon which damages in case of death should be measured. It is to be observed that the amount of his earnings is left indefinite. Under all these circumstances, I think $1,500 would be a just and adequate amount, as to the damages to be recovered by the next of kin. Let there be judgment, therefore, for that amount, with interest from the date of the death of Joseph Brown, to wit, January 11, 1893.